UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE HUMAN RIGHTS DEFENSE CENTER and MICHELLE DILLON,

Plaintiffs,

v.

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, ADMINISTRATION FOR CHILDREN AND FAMILIES, and OFFICE OF REFUGEE RESETTLEMENT,

Defendants.

No.

**COMPLAINT**

1. This lawsuit is an action under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, seeking production of records responsive to requests submitted by Ms. Michelle Dillon, an employee of the Human Rights Defense Center, to the U.S. Department of Health and Human Services and to the Office of Refugee Resettlement, an office within the Administration for Children and Families.

**JURISDICTION AND VENUE**

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendants under 5 U.S.C. §§ 552(a)(4)(B) and 2201(a).

YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

3. Venue is appropriate in this Court under 5 U.S.C. § 552(a)(4)(B). Intradistrict assignment to the Seattle Division of the Western District of Washington is appropriate under LCR 3(e)(1) because the claims asserted herein arose in King County.

**PARTIES**

4. Plaintiff Human Rights Defense Center is a non-profit organization that advocates on behalf of the human rights of people held in U.S. detention facilities. Its advocacy efforts include publishing *Prison Legal News*, a 72-page monthly publication that covers prison-related news and litigation nationwide, and *Criminal Legal News*, a monthly publication that covers the criminal justice system beyond incarceration. The Human Rights Defense Center also publishes and distributes self-help reference books for prisoners, and engages in litigation, media campaigns and outreach, public speaking and education, and testimony before legislative and regulatory bodies.

5. Plaintiff Michelle Dillon resides in the Western District of Washington. She is an employee of the Human Rights Defense Center in its Seattle office.

6. Defendant U.S. Department of Health of Human Services is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 701.

7. Defendant Administration for Children and Families is a division of the U.S. Department of Health of Human Services and is an agency under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 701.

8. Defendant Office of Refugee Resettlement is an office of the U.S. Department of Health of Human Services and is an agency under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 701.

YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

## FACTS

### Human Rights Defense Center's Background and Mission

9. The Human Rights Defense Center was founded in 1990. It is dedicated to public education, prisoner education, advocacy, and outreach to support the rights of prisoners and to further basic human rights.

10. The Human Rights Defense Center's publishing project distributes books to prisoners and other customers. It also publishes two monthly magazines, *Criminal Legal News* and *Prison Legal News*.

11. In addition to publishing, the Human Rights Defense Center engages in advocacy and education.

12. Prior to a 2009 name change, the entire organization was known as Prisoners' Legal News.

### U.S. Department of Health and Human Services

13. The U.S. Department of Health and Human Services ("HHS") has a mission to enhance and protect the health and well-being of all Americans.

### Administration for Children and Families

14. The Administration for Children and Families is a division within HHS.

### Office of Refugee Resettlement

15. The Office of Refugee Resettlement ("ORR") is an office within the Administration for Children and Families.

16. ORR has responsibility for non-citizen children who arrive in the United States unaccompanied.

17. ORR also takes responsibility for non-citizen children who have been forcibly separated from the adults with whom they arrived in the United States.

18. The mistreatment of these children has been widely covered in the media. For example:

YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

- Ginger Thompson, Listen to Children Who've Just Been Separated From Their Parents at the Border, https://www.propublica.org/article/children-separated-from-parents-border-patrol-cbp-trump-immigration-policy;
- NBC29, Young Immigrants Detained in Shenandoah Valley Juvenile Center Allege Abuse, http://www.nbc29.com/story/38475890/young-immigrants-detained-in-virginia-center-allege-abuse;
- Bree Burkitt, Ex-Migrant Shelter Employee Found Guilty of Molesting Unaccompanied Minors, https://www.usatoday.com/story/news/nation-now/2018/09/11/southwest-key-worker-convicted-abusing-minors-arizona-migrant-shelter/1267100002/.

19. Because of the widespread concern, the Human Rights Defense Center is interested in documents regarding the potential ill treatment of children and other civil rights violations.

**The Requests for Information at Issue**

20. On August 20, 2018, Ms. Dillon sent a request via web portal to HHS for certain records related to litigation that the agency has resolved.

21. On behalf of the Human Rights Defense Center, Ms. Dillon requested records regarding litigation against HHS and its employees or agents created since January 1, 2010. She limited her request to claims and cases in which the government paid $1,000 or more.

22. In each case or claim described above, she asked to be provided:

- The Complaint or Claim Form and any amended versions;
- The Verdict Form, Final Judgment, Settlement Agreement, Consent Decree, or other paper that resolved the case;

YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

- A record that shows the amount of money involved in the resolution and to whom it was paid.

23. Ms. Dillon also requested a fee waiver under 5 U.S.C. §§ 552(a)(4)(A)(ii)(II) and (iii).

24. Via immediate acknowledgement email, HHS informed Ms. Dillon that her request was assigned Request Number 2018-01423-FOIA-OS.

25. Although HHS did not ever invoke the agency's right to ten-day extension under 5 U.S.C. § 552(a)(6)(B), as of the date of this filing, HHS's web portal simply shows that this request is "Assigned for Processing."

26. As of the date of this filing, HHS has not provided any further response.

27. Also, on August 20, 2018, Ms. Dillon sent a request to the Office of Refugee Resettlement of the Administration for Children and Families via email address FOIA@acf.hhs.gov requesting all emails, including attachments, sent from ORR-authorized care providers which include a Sexual Abuse/Significant Incident Report (SA/SIR) since January 1, 2015 to any of the following email addresses:

- VCACU_ORR_Reporting@ic.fbi.gov
- UAC@oig.hhs.gov
- PSAC@acf.hhs.gov
- Hotline@oig@dhs.gov
- CRCLCompliance@hq.dhs.gov
- ERO.SexualAssault@ice.dhs.gov
- PDOTASKING@cbp.dhs.gov

28. Ms. Dillon also requested a fee waiver under 5 U.S.C. §§ 552(a)(4)(A)(ii)(II) and (iii).

29. As of the date of this filing, no response of any kind has been received.

YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

30. Per 5 U.S.C. § 552(a)(6)(A)(ii), any agency has twenty working days to provide documents in response to a FOIA request.

31. For both requests, this period expired on September 18, 2018.

## THE HUMAN RIGHTS DEFENSE CENTER AND MS. DILLON'S CLAIMS FOR RELIEF

### COUNT I:
### Violation of the Freedom of Information Act, 5 U.S.C. § 552

32. This claim incorporates paragraphs 1 – 30 by reference.

33. HHS, The Administration for Children and Families, and ORR wrongly withheld documents responsive to the properly submitted requests.

34. The Human Rights Defense Center and Ms. Dillon have a statutory right to all the records sought, and there is no basis to withhold them.

35. By failing to release all the records specifically requested, HHS, The Administration for Children and Families, and ORR have violated the Freedom of Information Act.

### COUNT II:
### Violation of the Freedom of Information Act Fee Waiver Provisions

36. This claim incorporates paragraphs 1 – 30 by reference.

37. HHS, The Administration for Children and Families, and ORR wrongly did not grant Ms. Dillon's request for a full fee waiver.

38. The Human Rights Defense Center and Ms. Dillon have a statutory right to a full fee waiver.

39. By failing to grant a fee waiver, HHS, The Administration for Children and Families, and ORR have violated the Freedom of Information Act.

YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

**REQUESTED RELIEF**

The Human Rights Defense Center and Ms. Dillon therefore respectfully request that this Court:

1. Declare that the records they seek are subject to disclosure under the Freedom of Information Act;

2. Declare that they are entitled to a full fee waiver;

3. Order HHS, The Administration for Families and Children, and ORR to disclose the requested records;

4. Award costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E); and

5. Grant such other relief as the Court may consider just and proper.

Dated: October 1, 2018.

Respectfully submitted,

**YARMUTH WILSDON PLLC**

By: *s/Jeremy E. Roller*
Jeremy E. Roller, WSBA #32021
1420 Fifth Avenue, Suite 1400
Seattle, WA 98101
Telephone (206) 516-3800
Fax (206) 516-3888
jroller@yarmuth.com

Deborah M. Golden (*pro hac vice* application to be filed)
Human Rights Defense Center
316 F Street, NE #107
Washington, DC 20002
Telephone (202) 543-8100
dgolden@humanrightsdefensecenter.org

*Attorneys for Plaintiffs The Human Rights Defense Center and Michelle Dillon*